**Basher Al DAKHEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72856.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Marc J. Wigul, Esq., Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-

R.App. P. 34(a)(2).

land Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Basher Al Dakhel, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of his application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

■ Substantial evidence supports the BIA's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. Petitioner testified that a woman accused him of assaulting her, and that the woman's relatives harassed him. Because the harassment did not occur on account of an enumerated ground, and the harassment fails to rise to the level of persecution, petitioner's asylum claim fails. *See id.* at 482–84, 112 S.Ct. 812.

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Substantial evidence also supports the BIA's denial of CAT relief because petitioner failed to show that it was more likely than not that he will be tortured if returned to Syria. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.